UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-24312-CIV-KING

REBECCA FARRAWAY, as mother
and natural guardian of HOLLIE
RAYMOND, a minor,

      Plaintiff,

v.

OCEANIA CRUISES, INC.,

      Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### I. PRELIMINARY ALLEGATIONS

1. Plaintiff is a citizen of the state of Utah and Defendant is a corporation incorporated under the laws of Panama, having its principal place of business in Florida.

2. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of this Court.

3. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

      c. Operated vessels in the waters of this state;

      d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193;

      e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

      f. The Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, Regatta.

4. Defendant is subject to the jurisdiction of the Courts of this state.

5. HOLLIE RAYMOND is a minor.

6. The minor Plaintiff, HOLLIE RAYMOND, is represented in this action by her mother and natural guardian, REBECCA FARRAWAY.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, Regatta.

9. On or about October 4, 2009, HOLLIE RAYMOND was a paying passenger on Defendant's vessel, which was in navigable waters.

10. On or about October 4, 2009, HOLLIE RAYMOND, who was 13 years old, was sexually assaulted and/or raped by one of Defendant's crewmembers aboard Defendant's vessel, Regatta. HOLLIE RAYMOND did not tell her mother REBECCA FARRAWAY about the sexual assault and/or rape until late October 2010 because she felt ashamed and humiliated about the sexual assault and/or rape.

Therefore, the mother did not discover the sexual assault and/or rape until October 2010.

## II. CAUSES OF ACTION

### COUNT I – NEGLIGENCE FOR SEXUAL ASSAULT/RAPE

11. Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 10 as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide HOLLIE RAYMOND with reasonable care under the circumstances while she was a passenger aboard the ship.

13. On or about the above date, HOLLIE RAYMOND was injured due to the fault and negligence of Defendant, and/or its agents, servants and/or employees as follows:

    a. Failing to provide reasonably safe conditions for Plaintiff HOLLIE RAYMOND aboard Defendant's vessel. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons could rape and/or sexually assault passengers; and/or

    b. Failing to undertake reasonable investigation of the offending person's background, criminal record and employment history prior to hiring the crewmember; and/or

    c. Negligently hiring a crewmember who Defendant knew or should have known was a danger to female passengers; and/or

    d. Continuing to employ and retain as a crewmember a person who Defendant knew or should have known posed a dangerous threat to the passengers, especially female passengers, including the Plaintiff; and/or

e. Failing to adequately monitor and control the conduct of their crewmembers/employees; and/or

f. Failing to adequately monitor passengers; and/or

g. Failing to protect their passengers, especially minors, from sexual assaults, physical batteries and/or rapes by Defendant's crewmembers/employees; and/or

h. Failing to provide adequate training for their crewmembers/employees in regard to interactions with passengers; and/or

i. Failing to adequately warn passengers of the dangers of its crewmembers/employees; and/or

j. Failing to adequately monitor passengers, especially minor passengers, so as to keep them away from dangerous crewmembers/employees and/or dangerous situations; and/or

k. Failing to adequately monitor common areas on the ship to protect passengers; and/or

l. Failing to provide adequate supervision and/or security for minor passengers aboard its vessels; and/or

m. Failing to promulgate and/or enforce policies and/or procedures designed to prevent crewmembers from sexually assaulting and/or raping passengers aboard the ship; and/or

n. Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from becoming sexually assaulting/raping passengers aboard the ship; and/or

      o. Defendant violated the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or by failing to adequately implement and follow the Safety Management System Manual they have, as it related to protecting passengers from sexual assault and/or rape aboard Defendant's ships, all of which caused Plaintiff to be injured.

14. As a direct and proximate result of the negligence of Defendant, HOLLIE RAYMOND was directly and proximately caused to be sexually assaulted and/or physically battered and/or raped by a crewmember.

15. As a result of the foregoing, the Plaintiff HOLLIE RAYMOND was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future. Further, Plaintiff lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff demands judgment for all damages, *including punitive damages*, recoverable under the law against the Defendant and demands trial by jury.

## COUNT II – VICARIOUS LIABILITY

16. Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 10 as though alleged originally herein.

17. At all times material hereto, the crewmember that raped and/or sexually assaulted the Plaintiff was hired and retained by, as well as in the employ of, Defendant for service as a crewmember during said voyage.

18. At all times material hereto, Defendant was and is vicariously liable for the tortuous actions of its crewmembers/employees.

19. Defendant breached its contractual duty to the Plaintiff when Defendant's crewmember/employee attacked and raped the Plaintiff aboard Defendant's vessel, Regatta.

20. As a result of the foregoing, the Plaintiff HOLLIE RAYMOND was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future. Further, Plaintiff lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff demands judgment for all damages, *including punitive damages*, recoverable under the law against the Defendant and demands trial by jury.

### COUNT III – FALSE IMPRISONMENT FOR RAPE/SEXUAL ASSAULT

21. Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 10 as though alleged originally herein.

22. At all times material hereto, the Plaintiff HOLLIE RAYMOND was held on the ship against her will by Defendant's crewmember during the rape and/or sexual assault committed by Defendant's crewmember.

23. The Defendant's actions described in paragraph 22 intentionally caused the restraint of the Plaintiff with knowledge that such restraint would, to a substantial certainty, result from Defendant's acts.

24. The Defendant's actions described in paragraph 22 caused Plaintiff's restraint when Defendant's acts directly and in a natural and continuous sequence produced or substantially contributed to producing the restraint so that it can be reasonably said that, but for those acts, the restraint would not have occurred.

25. The Defendant's actions described in paragraph 22 caused Plaintiff's restraint by making Plaintiff reasonably believe that she was not free to leave the scene of her sexual assault and/or rape.

26. As a result of the foregoing, the Plaintiff HOLLIE RAYMOND was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future. Further, Plaintiff lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff demands judgment for all damages, ***including punitive damages***, recoverable under the law against the Defendant and demands trial by jury.

>LIPCON, MARGULIES,
>ALSINA & WINKLEMAN, P.A.
>Attorneys for Plaintiff
>Suite 1776, One Biscayne Tower
>2 South Biscayne Boulevard
>Miami, Florida 33131
>Telephone: (305) 373-3016
>Fax:     (305) 373-6204
>Email: cllinas@lipcon.com
>
>By      s/*Carlos Felipe Llinás Negret*
>CARLOS FELIPE LLINÁS NEGRET
>FLORIDA BAR NO. 73545
>JASON R. MARGULIES
>FLORIDA BAR NO. 057916